IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRENDA H. LYLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:16-cv-106-WKW |
| | ) |
| JOHN R. COOPER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, entered 2/26/16).  The Magistrate Judge recommends this case be dismissed for failure to prosecute and Defendants' *Motion to Dismiss* (Doc. 31, filed 4/19/16) and *Renewed Motion to Dismiss, or in the Alternative, Motion to Dismiss for Want of Prosecution* (Doc. 35, filed 8/26/16) be denied without prejudice.

**I.   BACKGROUND**

This *pro se* complaint was filed by the plaintiff, Brenda Lyles ("Plaintiff" or "Lyles") on February 18, 2016.  *See* Doc. 1.  On February 29, 2016, Plaintiff filed an Amended Complaint. *See* Doc. 12.  On April 19, 2016, the Defendants filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *See* Doc. 31.  The Court entered a show cause order on April 21, 2016 requiring Plaintiff to respond on or before May 5, 2016.  *See* Doc. 32.  No response was filed.

On August 9, 2016, the Court entered an order requiring the Plaintiff to file with the court good cause why she had not responded to the motion to dismiss and offering another opportunity to show cause why the motion to dismiss should not be granted.  *See* Doc. 33.  Plaintiff's

response was due on or before August 23, 2016. The plaintiff was specifically cautioned that the failure to comply with this order would result in the court treating the claims as abandoned with a recommendation that this case be dismissed for failure to prosecute. *Id.* The plaintiff has filed nothing in response to this order though a return receipt card was received showing the order was delivered.

On August 26, 2016 – three days after Plaintiff's response was due – Defendants filed a renewed motion to dismiss, or in the alternative, motion to dismiss for want of prosecution. *See* Doc. 35. In the motion, Defendants renew their Rule 12(b)(6) motion or alternatively request the court dismiss the case for failure to prosecute. *Id*. They request the claims be dismissed with prejudice with each party to bear its own costs. *Id*.

## II.   JURISDICTION

Lyles asserts claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as he brings claims under 42 U.S.C. §§2000e *et seq* (Title VII of the Civil Rights Act of 1964). The parties do not contest personal jurisdiction or venue and there are adequate allegations to support both.

## III.   DISCUSSION

The Court entered a show cause order regarding Defendants' Motion to Dismiss to which Plaintiff failed to respond. In addition, the Court followed with an order directing Plaintiff to respond with the reason for her failure to respond. Plaintiff was specifically warned this case may be dismissed if she failed to respond. The Plaintiff still did not respond. Plaintiff has also filed no responses to Defendants' Motion to Dismiss. In short, the Plaintiff has seemingly disappeared since her last action in this case in March 17, 2016.[1]

---

[1] Though Plaintiff filed a request for participation in the Pro Se Assistance Program, the Court did not grant her request. Further, as part of her request, Plaintiff acknowledged that she continued to provide her own

There have been no responses to the Court's orders and the Court adequately warned Plaintiff of the consequences of not responding. Therefore, the Court concludes that this case is due to be dismissed for failure to prosecute.

However, despite Defendants' request, the Court does not intend to utilize a dismissal for want of prosecution as a dismissal with prejudice. As such, the dismissal should be without prejudice with the parties to bear their own costs.

### IV.  CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case and Plaintiff's remaining claims be dismissed without prejudice for the failure of the plaintiff to prosecute this action and her failure to comply with the orders of this court. Consequently, the Court also can deny the *Motion to Dismiss* (Doc. 31) and the *Renewed Motion to Dismiss, or in the Alternative, Motion to Dismiss for Want of Prosecution* (Doc. 35) without prejudice.

Additionally, it is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **September 13, 2016.** Any objections filed must specifically identify the findings in the Magistrate Judge's R1ecommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest

---

representation in the case. Further, her lack of response to the most recent Court order clearly put Plaintiff on notice of her obligation to respond to the Court.

injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    DONE this 29th day of August, 2016.

                                    /s/ Terry F. Moorer  
                                    TERRY F. MOORER  
                                    UNITED STATES MAGISTRATE JUDGE